Good morning, Your Honors. May it please the Court. Chris DeHart on behalf of Brandon Dean. This case involves an instance where the district court judge invaded the deliberative process of the jury. When the jury had a question, the court guided the jury to the specific evidence that the court believed was relevant to each count. It was something that apparently the government had not adequately explained in its closing argument because the jury did not understand. What options did the – what options – aren't there options that the court could have taken that would have avoided the problem, but had the – would have had the same effect, sending the indictment back, allowing the parties to re-argue the point? Whether they – So those are both – would be both available options? They certainly would have been available options, and I am not convinced they would have had the same effect. The indictment itself did not include any names of any witnesses that were correlated to those counts. So when the court said count four involves Mr. Asa Iweimu, count six involves Mr. Quinn, and count eight involves Mr. Harris, that's not information that was in the indictment. Is it incorrect or correct? I'm not entirely sure it's correct. Objection by counsel at the time? Yes. Did the objections allege that it was incorrect, or was the objection to the fact of the statement? The objection was – encompassed the fact of the statement, but he also said – trial counsel also said he would have argued and presented things differently if he had known that the court was going to lay that out for the jury. So he did not specifically say as to at least count eight it was incorrect or possibly ambiguous. The trial attorney did not state that specifically. Was there a conviction on count eight? No, there was not. So our only concern really is the count of conviction, isn't it? Well, the problem here is because when the jury came out, they had questions as to three of the four counts, counts four, six, and eight specifically. And there were convictions. There was a conviction on count six. And also, the conspiracy count, which was the first count, which there was a conviction, encompassed count six. So the error infected the entire jury verdict. And even though there was a not guilty on counts four and eight, it still infected the guilty verdicts on counts one and six. If there was nothing factually incorrect about the statement with regard to count six, and there was no statement as to count one, what's the problem? The problem is that the jury did not was not convinced at that point that there was evidence that went along with each count. And they said, what fraud occurred as to counts four, six, and eight? And the judge says this, the testimony of Mr. Asivwemu is what constitutes the fraud in count four. I don't think that's quite what he said. He did relate the allegations as to keeping the players straight. And frankly, I realize I forgot to write down the name of which player with which count. So now I'm utterly confused, and I can appreciate the jury's question. What response would you suggest should have been given? There were a number of options that could have occurred in this case. The Court could have ---- To give the options, keep in mind, let us know what would have been different about the option as opposed to what happened. Because the options that come to mind to me would have produced exactly the same result as what the Court did. I'm not convinced of that, because one of the options would be submitting the indictment to the jury and letting them review that. I'm not sure that that would have resulted in this situation. You just told us the indictment didn't answer the question. Well, correct. But the problem is the judge injected himself into the deliberative process. And it is possible, I'm not convinced it's conclusive, it is possible they could have reached the same verdicts without that statement. But we don't know that for sure, and that's the problem. But the statement, if you don't contest the factual accuracy of the statement, I'm not sure I understand what the problem is. The problem is, at least as to some of the counts, there were multiple witnesses that could have been attributed to that count. And so by the judge saying, I, as the judge, and the problem here is that a judge's statement has significantly more weight and significantly more power to the jury than the arguments of counsel. And when the judge is the one who's going to state when the jury asks the question, well, what fraud was count 4, what fraud was count 6, and the judge says, well, here, this witness, this is the fraud that's alleged in count 6, that is connecting dots for the jury that clearly hadn't been connected or they wouldn't have the question. But don't, at least in my circuit, the Sixth Circuit, it's my understanding that we retain, though we rarely use as district judges, the opportunity to comment on the evidence and have a great deal of discretion in that regard. And can't this be viewed simply as the exercise of that opportunity, assuming that's permissible in the Ninth Circuit? However, it may have been viewed or worded by the judge himself. Nonetheless, it's within that, the ambit of that zone of judicial discretion to comment on the evidence. The problem with that is here, this is a situation where the jury was confused and did not understand what was occurring, did not understand the evidence as it related to the counts. And the burden is on the government to connect those dots and to prove beyond a reasonable doubt. When the judge makes this type of comment, he's connecting the dots for the government. And he's highlighting a leap for the jury to make. And a judge is supposed to remain neutral. And when a judge reads all the instructions, they instruct that you're not supposed to take one instruction more significantly than others. And there have been times when, if a judge highlights a specific instruction, goes back and reiterates just a portion of an instruction that's beneficial to one side or the other, that that's error, even if it's a correct statement of the law. So the fact that it's factually correct or might legally be correct, I'm not conceding that it is, that can still infect the process and invade the jury's deliberative.  that the alternatives were not attractive. I suppose, but the alternatives were not attractive, particularly. I'm sorry? The alternatives were not attractive. I mean, the court considered reading the indictment. He said, but I think that's the one that puts too much emphasis on the indictment. The indictment's not evidence. I don't want to do that. That's correct. I mean, another option would have been to open for additional argument. And he said, I'm not going to have readback. I'm not going to read back the arguments. I mean, I think the district court actually did a pretty good job of looking at alternatives and trying to find one that would work. And absent the suggestion that it was incorrect, I mean, that's, here by counsel, that's pretty tough to say that the judge erred on it. That it was factually incorrect? Right. Well, as to at least specifically count eight, there were two checks in the same amount of money that two different witnesses were. I'm talking about what counsel did at trial. I understand what your argument is here. Okay. Yeah. But I think that the injecting that type of making those connections for the jury invaded the jury's deliberative process. I understand your argument. Well, I do. I know you have a sentencing issue. I think it's pretty well presented in the briefs, and we may want to talk to the government about it. Do you want to reserve some time? I do want to reserve some time. I have a minute and 45 left. I will say, if I may, that it does seem to me that the one troublesome aspect of what happens, the judge didn't qualify by saying that this is not evidence, which I think a judge would do if a judge sends an indictment back. He'd make it clear that the indictment is not evidence. Right. I'm not sure that's sufficient to carry the day. And just one more question. Count A was the one that you were concerned about? Yes. But didn't they find him not guilty of that? They did, but the problem is it infected the entire process. Okay. And while it – it – I understand your argument there. All right. Thanks. Good morning, Your Honors. If it may please the Court, I'm John Vincent. I'm an assistant United States attorney in Sacramento, and I was one of the co-counsel representing the United States in this case. In responding to the jury's inquiry, the Court told them three things. He told them the time period when Counts 4, 6, and 8 allegedly took place, the amount of money claimed with respect to each of those counts of bank fraud, and that Count 4 related to Charles Osebemew, Count 6 related to John Quinn, and Count 8 related to Ryan Harrison. And isn't that what's wrong here, that he – as your opponent said, connected the dots? Was that information to be found in the indictment? Your Honor, the first two bits of information were contained in the superseding indictment. Each substantive count identified what period of time the crime was alleged to have been. Well, what about the names? The names, Your Honor, were not included in the indictment because the Department of Justice has a policy about not naming unindicted co-conspirators in an indictment. So the specific names were not in there. But from the money figures alone that the Court gave, which came from the superseding indictment, the jury could have determined which count pertained to Osebemew and which count pertained to John Quinn, which is the Count 6 conviction. When the Court told the jury that the amount claimed with respect to the bank fraud in Count 6 was $21,534.91, that matched the amount of the check that each of the three indictments contained in the indictment. And that was an exhibit? That was an exhibit, Your Honor. Yes, it was. It was Exhibit 4.2a, which is at the end of the indictment. So if it is troublesome as it is to me that the name was connected, it's harmless error? It is harmless error, Your Honor. Okay. Quinn was questioned about that deposit. He testified that he was dismayed when he saw how large it was. So that check came up a number of times during or that reference to that number came up a number of times. The jury had his name in an exhibit with that number? Yes, it did, Your Honor. Yes, the jury did, Your Honor. Well, really, when we look at what the Court should have done, wouldn't the best course have been not to answer the question, to say, I'm sorry, I'm not going to emphasize the evidence. You're going to have to discern that for yourself, because obviously it's the government's burden. Your Honor, I think the problem with that is if the Court had done nothing and he'd been convicted, then the argument that the defense would have made is the jury had no idea what to do. They were at sea and the Court didn't help them come to a decision. Did the defense counsel offer a suggestion? Defense counsel's, as I recall, defense counsel's objection was basically to do nothing. He didn't want to do nothing. So if he wanted to do nothing and that's what the Court did, where would be the basis for an objection on appeal? Well, Your Honor, I've seen that happen before. I mean, just because of the ---- Well, I know, but I mean, I mean, here, basically what the ---- if I'm discerning what the defense counsel wants, I don't ---- I don't want anything to happen. And I guess if I were a defense counsel, should I say, look, I'm thinking reasonable doubt, I'm thinking the government's burden, I don't want to have the Court to say, here is what the evidence showed, which is what one could reasonably say happened here. Well, Your Honor, in that regard, the point is, if the government had said this, and there is evidence to suggest that the government did say this during the course of closing, if the Court ---- if the government had told them count 6 relates to John Quinn, there's no way that could be disputed. I mean, if defense counsel had gotten up and said, no, count 6 does not relate to John Quinn, that simply wouldn't have been true. And so the Court saying that it relates to John Quinn is in ---- I submit is not significant. It was not a profound revelation. It was not interjecting itself in the fact-finding process. Because the jury had the check in evidence, they could have ---- I mean, they certainly would have been able to determine that. So simply saying it related to it, it was more of a housekeeping matter as opposed to some ---- as opposed to interfering in the deliberative process. Well, I mean, if they, for some reason, couldn't figure that out from the evidence and ended up a hung jury, that would certainly benefit the defendant. And if your housekeeping prevents the defendant from the opportunity of getting a hung jury, I'd say that's a little more of a substantive problem than mere housekeeping, wouldn't you? Well, Your Honor, here, I mean, the jury came back, as I recall, fairly soon into the deliberations with this question. And so the ---- Why does that make a difference? Well, because perhaps they had not gone through all of the evidence completely at that time. But I believe that here, when the Court simply tells them it relates to an individual, the Court, by saying that, that was not ---- that didn't end it. I mean, the fact that it related to John Quinn, there were a number of witnesses that testified concerning that transaction. And it was still up to the jury to sort out which witnesses and which exhibits and the rest pertained to Count Six. Does the record show whether the judge told ---- said in the presence of defense counsel, well, note your objection, but this is what I'm going to say? Does the record indicate that the Court formulated its response? Did it make its response in writing? No, it did not, Your Honor. Okay. So that's my question. Was the response formulated in the presence of defense counsel? And does the record indicate one way or the other? Well, whether it was actually ---- I don't believe that the Court formulated and said this is what I'm going to say to the jury. There was back and forth between the Court and counsel as to what should be said to the jury. And the Court indicated ---- I believe that it did, Your Honor. Would the record indicate that? Is there a record of that colloquy? I assume there is. Yes, Your Honor, there is. I'm embarrassed to tell you I don't know. Do you know if it's part of the record before the Court? It is, Your Honor. It is part of the record. It is in the excerpt of record, I believe it is. In any event, the defense attorney, according to your recollection, the record was aware of that potential connection between names and counts. And I gather defense counsel did not say, objection, Your Honor, that's going too far. I don't want you to go anywhere, but that's going way too far. I don't believe that the defense lawyer said that's going too far. I know that defense lawyer, as I recall, his point was he didn't want anything done. Sure, but still, nonetheless, when a trial court says, okay, I understand that, but I think I've got to tell the jury something, and by the way, counsel, this is what I'm going to tell the jury, it does seem to me, if that's so, and if the lawyer then remains silent, he's waived that objection, hasn't he? Yes, Your Honor, I believe so, because he knows what he's going to say, and he hasn't he's he I do not recall any exchange where the defense. Candidly, I think that would be your strongest argument, if that's what the record shows. I mean, candidly, as a district judge, I'm very sensitive to circumstances, particularly when they go up on appeal and somebody hasn't tugged the hem of my robe and said, oh, by the way, Judge, that's going to get you in trouble, you shouldn't be doing that, or more importantly, it may affect the outcome. It's error. Yes, Your Honor, I understand. The point is, there are a couple of other things that I wish to raise with respect to that. It is – there's a reference in defendant's brief that the verdict came almost immediately after this instruction. And I apologize I didn't catch this earlier, but I did want to bring to the Court's The note from the jury about counts 4, 6, and 8 is in the defendant's exhibits of record at page 209. And when you look at that document, it indicates that the note from the jury expressing some confusion was received by the Court on August 3, 2009, at 1242 p.m. The trial transcript clearly shows that the matter was taken up on August 3, 2009. So for what it's worth, my trial notes indicate that we met in court at around 1.30 on August 3 to address this issue. In any event, if you look at the verdict form, which is document 142 on the docket sheet, which document is not in either one of the excerpts of record, but it is at 142 on the docket, it is dated as received by the Court on August 4, 2009, at 202 p.m. So – and my trial notes indicate the verdict was read around 2.20 in the afternoon on August 4. So the verdict was not returned immediately. In fact, it looks as if the jury deliberated for almost an entire day after the court gave its answer to the question. I'd add, too, that when the court gave that answer, it did not – just saying that it relates to John Quinn was not the end of the story. The defense would have you believe that once that was said, boom, the ballgame's over, the jury knew what they had to do. But there were several witnesses that testified regarding the John Quinn trial. Kennedy. Kennedy. If I can interrupt, because I do want to ask a quick question about the sentencing issue. And that – I mean, I realize that the judge gave it, to me, in my view, a remarkably lenient sentence to someone who very deliberately and repeatedly had engaged in serious criminal misconduct. And I consider that to be the most troublesome form of criminal mindset. And – but shouldn't we send it back so that the judge does the proper thing, and that is, makes findings of fact, and considers whether he wants – I doubt if he would, but may want to shorten the term of supervised release, which I think is all we're talking about here, isn't it? He served his time. He has. That's right. Okay. But, I mean, it seems to me quite – again, as a district judge, I think it's important for courts of appeals to see to it that we connect all the dots. Those – that's an important finding. And the judge simply blew right by it, didn't he? Well, Your Honor, he did not identify specific lies, but he did – he did make the finding by adopting the pre-sentence report. Well, he didn't really adopt it. Well, he did find – As reference. Well, Your Honor, he – what he said in there was that the – he found the pre-sentence report's statements of material fact, advisory sentencing guideline ranges, and policy statement to be true and correct. And necessarily, then, if the government submits, the court found that the defendant gave perjured testimony, which was material, because in paragraph 24 of the pre-sentence report, it talks about the two-level increase for obstruction of justice. And that two-level increase was recommended based on the conclusion that the defendant gave perjured testimony, which was materially false. It may be hyper-technical, but I just think that an appellate court serves a very important function by seeing to it that we comply with even technical requirements. Even though one could say, well, gee, that's what the judge must have done, I think we have to be told, we have to do that and do it on the record, so if nothing else, the defendant and his attorney know why we're doing what we're doing. That's all. I just – I understand, Your Honor. Well, I think quite candidly, appellate courts oftentimes in this situation sort of say, well, okay, no big deal, we'll move on down the road. But every time an appellate court does that, it lessens, as it were, the deterrent effect upon us when we're in this situation. So that's all. I understand, Your Honor. And I don't think there was – I mean, aside from the reference to the PSR, there's no determination of materiality, is there? Other than that, no, Your Honor. He did not specifically identify which lies and which ones were material. The Court's correct. Okay. Further questions? Thank you. Thank you, Your Honor. Just to make clear in the record, the defense counsel did object to the judge using the dates, the amounts of the checks in correlation to the names, and that's on the excerpts of record at 217 and 218, and the defense attorney then says, well, what we should do is have readback of the argument. If that's what you plan to do, the better course is readback of the argument. It's kind of interesting. He's objecting without using the word object throughout this colloquy. Basically, he's just saying, they're getting two bites at the apple. They didn't make it clear, et cetera, et cetera. Correct. And as to the sentencing issue – Let me ask. On sentencing, do you really want the relief you seek? At this point, your client's been out for almost a year. He's on supervised release, but he got a sentence that was a pretty favorable sentence. Does he really want to go back for resentencing? Yes, and I don't see why not, because unless there's any new information that's come forward between – since he got out of custody, if the sentence is increased at all, I would argue that would be a good thing to do. That's an if I can't answer, but it's an if I'd be concerned about if I'm representing a defendant. So I just want to make sure that you understand and have communicated with him recently enough to know that you really want the relief, or he really wants the relief that's being sought. He does. Okay. Yes, and that's – I mean, because there's always the risk that on resentencing, the judge said, you know, I think I was not hard enough on this defendant the first time around. I think that could be argued that that's vindictive, unless there's something has changed over the course of time. Yeah. And that would be unconstitutional. No, no, no. I think that if it's resentencing, then the judge really does have a right to kind of rethink things. And obviously, if it's in response to a remand or an argument, that would be unconstitutional. But sometimes judges say, you know, I'm not sure I really thought this through the first time. So there's always a risk. But you're prepared to take it, so that's the end of that. Yes. And as to the time of the sentencing, I think it is important that these technicalities are adhered to, because we don't know if the starting point was a level 13 instead of a level 15, that it's possible originally the court could have gone lower. Now, I know Your Honor believes it was a lenient sentence to begin with. It's also – I think the judge does have the authority to nunk pro tonk, order a shorter sentence. And because this was a year and a day, in some contexts, this might mean the difference between what effect – But a year and a day probably wasn't an accident. I mean, realistically, the most I think he could really hope for is a shortening to supervised relief, which has value, but you have to weigh that. I mean, do you really think there's a chance – when a judge has a year and a day, it's usually not a number plucked out of thin air. Correct. And is there any real reason to think he's going to want to give a sentence less than a year? And if it's not, that's why I say, you know, weighing things, I don't say that supervised relief is nothing. But it's not a lot of gain for a potential risk. If anything goes astray between now and the time of resentencing, if there is one, your client may be facing incarceration, not just remaining four years of supervised release. And of course, the year and a day actually is less than if you give him a year. Correct. And so he got a huge set of breaks, given his conduct, and as I say, my view at least, of his mindset. And then he turns around, and during the trial, the judge has already determined, I have no doubt he will redetermine and simply tell us why he lies during the course of the trial. And part of what's troubling for me in that regard is, especially when you look at the government's brief, and the government lays out all of these – what Mr. Dean told, a vast majority of those statements are part of counts 4 and 8 for which he was acquitted. And so I'm not entirely sure that he was obstructing justice or lying to the court, or that it was material. Maybe the lies worked. Maybe that's how he got acquitted. Who knows, right? Well, I – The court was certainly unspecific, but the court did say in its own words that – disingenuous was the word he used – he didn't believe the defendant testified honestly. And that's why I really wonder. I'm not sure that the likelihood of relief in going back – I mean, maybe the ingenious way for him to do this – okay, you're right. I sentenced a little too heavy. I'm going to knock a day off the sentence. So I have difficulty seeing how it gets any better. It's unfortunate the process takes as long as it does, but at this point, is it really any better for your client to win this argument? It's my position that it's a possibility it could get better. Whether it's a slight possibility – That's your client's judgment, not mine. Right. And I have to take your word for it. So I'm fine with that. I don't insist you justify it to me. I just have to say I look at this and I have a hard time figuring out what good thing results from pursuing at this point in time the sentencing issue. Okay. And let me ask one final question. I know you came into this case kind of late, but if the case is remanded, I assume you're going to stick with it? Yes. All right. Thank you very much. Thank you both for your arguments. The case history will be submitted for decision.
judges: Carr, Thomas, Clifton